■ SWISS AIR TRANSPORT CO., LTD., Respondent, v MERTER H. BIRSON, Doing Business as FLYING CARPET INTERNATIONAL, Appellant.—Order, Supreme Court, New York County, entered August 6, 1979, confirming Referee's report and denying motion to vacate default judgment, is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and the order is vacated, and the matter is remanded and the hearing reopened for the purpose of giving defendant a reasonable opportunity to produce the witness Erim to testify, either before a Special Term Justice or a Referee. A hearing having been held on the validity of the service of the summons before a Referee, the matter was adjourned on January 17, 1979, for the purpose of permitting defendant to produce the witness Erim who was apparently in Iran and having some trouble getting out of Iran to testify. Thereafter there were three adjournments, the last one, apparently from March 1, 1979 to April 5, 1979, being granted peremptorily against the defendant. Defendant's attorney is a single practitioner. He was the attorney for one of five defendants in a murder case in the Supreme Court,

Bronx County, the other defendants being represented by four other attorneys. That trial began on March 5, 1979. On the morning of April 5, 1979, the case was still in progress, and the Judge was actually charging the jury, and in view of the inconvenience and expense to everybody and the State, the Trial Judge in the murder case refused to excuse the attorney for defendant to attend the adjourned hearing before the Referee on April 5, 1979. On April 2, 1979, realizing that there might be a difficulty, defendant's attorney called plaintiff's attorney and told him of the situation, and apparently also called the Special Referee's office and spoke to a clerk who advised him to submit an affirmation of actual engagement. Not until the close of the court session on April 4, 1979 was it clear that defendant's attorney would be unable to attend the hearing before the Referee. He therefore submitted an affirmation of his actual engagement requesting an adjournment to any one of seven dates, the first one being April 12, 1979. Because of the history of the case, the Referee refused to grant the adjournment. We think this was an improvident exercise of discretion. Subdivision (e) of rule 660.5 of the rules of the Supreme Court for the County of New York (22 NYCRR 660.5 [e]) mandates adjournment where there is an affidavit of actual engagement in a trial of a cause in a State court of record, and the cause shall be held subject until such argument or trial is concluded. (It is unnecessary to consider the qualifications on that rule.) We cannot say that the defendant's attorney was acting otherwise than in good faith and with diligence. The engagement here involved was one that had begun a month earlier, and it was not the attorney's fault that the trial was not actually finished by the adjourned date. The attorney made clear at the time that he originally requested the adjournment that it was solely to produce the testimony of the witness Erim, who had stated that it was he and not defendant to whom the summons had been delivered. We therefore limit the reopening of the hearing to giving the defendant a reasonable opportunity to produce that witness. Concur—Fein, J. P., Sullivan, Ross, Silverman and Carro, JJ.